UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.:

MITCHIL BECHET,
an individual,

    Plaintiff,

-vs-

FOCUS FINANCIAL SERVICES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MITCHIL BECHET, by and through the undersigned counsel (*hereinafter* "Plaintiff"), hereby sues Defendant, FOCUS FINANCIAL SERVICES (*hereinafter,* "Defendant" or "FFS") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and in support thereof states as follows:

### BRIEF INTRODUCTION

1.     This is an action for damages under the Telephone Consumer Protection Act ("TCPA"), and the Florida Consumer Collection Practices Act resulting from Defendant's relentless debt collection calls to Plaintiff using pre-recorded voice calls ("robo-call").

2.     The TCPA prohibits any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order

by the FCC.[1] However, even where consent is initially provided, the call recipient has the absolute right to revoke consent by any reasonable means, including orally.[2]

3. Importantly, it is Defendant's burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

4. Neither TCPA nor this Action's purpose is to exculpate consumers from accountability, but rather, to hold Defendant liable for its willful ignorance of the statutes and restrictions that place constraints on how Defendant may contact Plaintiff to seek accountability.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person and citizen of the State of Florida.

6. Defendant's principal place of business is in Boynton Beach, Florida.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(1)[3] because this case arises out of violations of federal law.

8. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2), because Defendant transacts substantial business in the forum and the violative telephone calls at issue were placed in the forum.

## FACTUAL ALLEGATIONS

9. Without cause or consent, in early 2016, Defendant began placing autodialed and/or prerecorded calls to Plaintiff's landline phone number (xxx) xxx- 2804.

10. Defendant placed calls to Plaintiff's phone up to three (3) to four (4) times a day excluding weekends.

11. Plaintiff does not have any prior business relationship with Defendant.

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(B).

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

[3] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

12. None of Defendant's phone calls were placed for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

13. In fact, during each of Defendant's calls, the representative asked for or referenced an individual other than Plaintiff, who was also unrelated to Plaintiff in any capacity.

14. Plaintiff informed Defendant that it was calling the wrong party or number, and directed Defendant to stop calling.

15. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's landline phone.

16. Defendants calls used "an artificial or prerecorded voice" or left pre-recorded messages as described in 47 U.S.C. § 227(b)(1)(A).

17. Plaintiff was relentlessly forced to answer unwanted calls, listen to multiple prerecorded voicemails, or at a minimum, have his days and nights interrupted on multiple occasions by unwanted incoming calls.

18. Defendant's repeated calls were not only time consuming, but abusive and harassing, and deprived Plaintiff of his statutorily created right to be free from such continued privacy intrusion.

19. Defendant's telephone calls to Plaintiff's phone, which were placed through the use of an "artificial or prerecorded voice," non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(B).

20. Upon information and belief, Plaintiff's experience is typical of that of other consumers, and that Defendant maintains a coordinated program of improperly robo-calling customers.

21. Based on, amongst other things, the incessant number calls placed without consent, and the outrageous volume of calls, Defendant willfully or knowingly violated the TCPA.

22. As a result of the forgoing, Plaintiff has suffered damages including, without limitation violation of statutorily created rights, invasion of privacy, mental anguish, stress, and interference with employment.

## COUNT I
## VIOLATION OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

23. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's phone using pre-recorded or artificial voices in violation of 47 U.S.C § 227 (b)(1)(B).

24. Defendant continued to make such calls without Plaintiff's consent.

25. Defendant willfully or knowingly violated the TCPA.

26. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for: $500.00 dollars in statutory damages for each violation of the TCPA; $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA; a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA; a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's phone using or pre-recorded and/or artificial voices; actual damages as provided for in the TCPA; litigation costs; and such other or further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted this 20th day of November, 2017, by:

                        ZEBERSKY PAYNE, LLP
                        110 S.E. 6th Street, Suite 2150
                        Ft. Lauderdale, Florida 33301
                        Telephone: (954) 989-6333
                        Facsimile: (954) 989-7781
                        Primary Email:  jshaw@zpllp.com
                        Secondary E-mail: mperez@zpllp.com
                        Secondary E-mail  bvillalobos@zpllp.com

                        _____
                        JORDAN A. SHAW, ESQ.
                        Florida Bar No. 111771